IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEONARD WINDELL WATERS,

    Plaintiff,

v.                                CASE NO. 1:07-cv-00174-SPM -GRJ

DAVID KERMER,

    Defendant.

_____/

## O R D E R

Plaintiff filed the complaint in this cause on September 21, 2007. (Doc. 1). In his first amended complaint, Plaintiff alleged that he had been arrested without probable cause and the arrest was racially motivated. (Doc. 14). He was directed to provide more facts and to delete as a defendant the Alachua Police Department. (Doc. 24). Plaintiff moved for a stay of this matter because he was hospitalized for heart failure and requested four months to recuperate and prepare his amended pleadings. (Doc. 25). The stay was granted through July 7, 2010, and Plaintiff was again directed to file an amended pleading. (Docs. 27 and 30). Plaintiff moved to continue the stay for another four months because he was now back in jail, (doc. 31), which the Court denied. (Doc. 32). A second

amended complaint has now been filed, but it, too, fails to state a claim for relief.

Plaintiff seeks $9,000,000.00 or a "settlement" because he was not allowed the rights of other persons, had to bond out of jail, and was scared for his life. He contends that he was harassed at a bar in Alachua, Florida, by Defendant David Kermer on November 9, 2006. Plaintiff claims that he was arrested when there was no proof of drinking and the bartender had invited him in. Plaintiff claims that Defendant called him a "nigger," and took "some" of his money. He does not advise the Court how much money was allegedly taken or the disposition of the charges that were made against him that night or what precisely these charges were. The Court has twice directed Plaintiff to provide more facts about what happened, what he was charged with, what the circumstances of his arrest were, and advised him of the law pertaining to probable cause and why he may be precluded from seeking damages related to an arrest if he was ultimately convicted on the charge at issue. (See Docs. 24 and 32). Despite such direction, Plaintiff has still come forward with no additional facts to support his claim. Plaintiff's failure to provide more facts convinces the Court that his claims are frivolous.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Case No: 1:07-cv-00174-SPM -GRJ*

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing

frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Accordingly, it is **ORDERED:**

That this cause be **DISMISSED** for failure to state a claim for relief and as frivolous, and that this constitute a "strike" within the meaning of 28 U.S.C. §1915(g).

**DONE AND ORDERED** this 28th day of September, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge